**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 15-cv-02347-REB

ANTHONY WILKINS,

    Plaintiff,

v.

NANCY A. BERRYHILL,[1] Acting Commissioner of Social Security,

    Defendant.

**ORDER REVERSING DISABILITY
DECISION AND REMANDING TO COMMISSIONER**

**Blackburn, J.**

    The matter before me is plaintiff's **Complaint** [#1],[2] filed October 22, 2015, seeking review of the Commissioner's decision denying plaintiff's claim for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. § 401, *et seq.* I have jurisdiction to review the Commissioner's final decision under 42 U.S.C. § 405(g). The matter has been fully briefed, obviating the need for oral argument. I reverse and remand.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

    Plaintiff alleges that he is disabled as a result of chronic abdominal pain of unknown etiology, degenerative changes of the lumbar spine statue post cervical fusion,

---

[1] Nancy A. Berryhill became the Acting Commissioner of Social Security on January 21, 2017, and thus her name is substituted for that of Carolyn Colvin as the defendant in this suit. **FED. R. CIV. P.** 25(d)(1). By virtue of the last sentence of 42 U.S.C. § 405(g), no further action need be taken to continue this lawsuit.

[2] "[#1]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

anxiety, and a cognitive disorder.  After his application for disability insurance benefits was denied, plaintiff requested a hearing before an administrative law judge.  This hearing was held on May 9, 2015.  At the time of the hearing, plaintiff was 54 years old.  He has a college degree with additional post-graduate work and past relevant work experience as a senior systems engineer.  He has not engaged in substantial gainful activity since September 29, 2011, his alleged date of onset.

The ALJ found plaintiff was not disabled and therefore not entitled to disability insurance benefits.  Although the evidence established plaintiff suffered from severe physical impairments, the judge concluded the severity of those impairments did not meet or equal any impairment listed in the social security regulations.  Plaintiff's anxiety was found not to constitute a severe impairment, and his cognitive disorder was determined not to constitute medically determinable impairment at all.  The ALJ found plaintiff had the residual functional capacity to perform a full range of light work.  As those restrictions were not inconsistent with plaintiff's past relevant work, the ALJ found him not disabled at step four of the sequential evaluation.  Plaintiff appealed this decision to the Appeals Council.  The Council affirmed, refusing to consider new evidence plaintiff submitted on appeal on the ground that it related to a period of time outside that considered by the ALJ.  Plaintiff then filed this action in federal court.

## II.  STANDARD OF REVIEW

A person is disabled within the meaning of the Social Security Act only if his physical and/or mental impairments preclude him from performing both him previous work and any other "substantial gainful work which exists in the national economy."  42 U.S.C. § 423(d)(2).  "When a claimant has one or more severe impairments the Social

Security [Act] requires the [Commissioner] to consider the combined effects of the impairments in making a disability determination." **Campbell v. Bowen**, 822 F.2d 1518, 1521 (10th Cir. 1987) (citing 42 U.S.C. § 423(d)(2)(C)).  However, the mere existence of a severe impairment or combination of impairments does not require a finding that an individual is disabled within the meaning of the Social Security Act.  To be disabling, the claimant's condition must be so functionally limiting as to preclude any substantial gainful activity for at least twelve consecutive months.  **See Kelley v. Chater,** 62 F.3d 335, 338 (10th Cir. 1995).

The Commissioner has established a quinquepartite sequential evaluation process for determining whether a claimant is disabled:

> 1. The ALJ must first ascertain whether the claimant is engaged in substantial gainful activity. A claimant who is working is not disabled regardless of the medical findings.
>
> 2. The ALJ  must then determine whether the claimed impairment is "severe."  A "severe impairment" must significantly limit the claimant's physical or mental ability to do basic work activities.
>
> 3. The ALJ must then determine if the impairment meets or equals in severity certain impairments described in Appendix 1 of the regulations.
>
> 4. If the claimant's impairment does not meet or equal a listed impairment, the ALJ must determine whether the claimant can perform his past work despite any limitations.
>
> 5. If the claimant does not have the residual functional capacity to perform her past work, the ALJ must decide whether the claimant can perform any other gainful and substantial work in the economy.  This determination is made on the basis of the claimant's age, education, work experience, and residual functional capacity.

20 C.F.R. § 404.1520(b)-(f).  **See also Williams v. Bowen** 844 F.2d 748, 750-52 (10th

Cir. 1988). The claimant has the initial burden of establishing a disability in the first four steps of this analysis. ***Bowen v. Yuckert***, 482 U.S. 137, 146 n.5, 107 S.Ct. 2287, 2294 n.5, 96 L.Ed.2d 119 (1987). The burden then shifts to the Commissioner to show that the claimant is capable of performing work in the national economy. ***Id.*** A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. ***Casias v. Secretary of Health & Human Services***, 933 F.2d 799, 801 (10th Cir. 1991).

Review of the Commissioner's disability decision is limited to determining whether the ALJ applied the correct legal standard and whether the decision is supported by substantial evidence. ***Hamilton v. Secretary of Health and Human Services***, 961 F.2d 1495, 1497-98 (10th Cir. 1992); ***Brown v. Sullivan***, 912 F.2d 1194, 1196 (10th Cir. 1990). Substantial evidence is evidence a reasonable mind would accept as adequate to support a conclusion. ***Brown***, 912 F.2d at 1196. It requires more than a scintilla but less than a preponderance of the evidence. ***Hedstrom v. Sullivan***, 783 F.Supp. 553, 556 (D. Colo. 1992). "Evidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion." ***Musgrave v. Sullivan***, 966 F.2d 1371, 1374 (10th Cir. 1992). Further, "if the ALJ failed to apply the correct legal test, there is a ground for reversal apart from a lack of substantial evidence." ***Thompson v. Sullivan***, 987 F.2d 1482, 1487 (10th Cir. 1993). Although a reviewing court should meticulously examine the record, it may not reweigh the evidence or substitute its discretion for that of the Commissioner. ***Id.***

### III.  LEGAL ANALYSIS

Plaintiff advances multiple allegations of error in this appeal.  I find his arguments regarding the ALJ's failure to obtain a medical opinion on the issue of equivalence dispositive.  Nevertheless, for the reasons set forth herein, I remand with instructions to reconsider other aspects of the disability decision as well.

Plaintiff suffers from chronic abdominal pain.  Although he has consulted with specialists in a wide range of fields and tried numerous and varied treatment modalities in an attempt to address this pain, its causes remains mysterious, and treatments have been only minimally efficacious.  In addressing at step three of the sequential evaluation whether this impairment met or medically equaled one of the impairments set forth in the Commissioner's Listing of Impairments (the "listings"),[3] *see* 20 C.F.R. Pt. 404, Subpt. P, app. 1, the ALJ noted there was no a specific listing addressing chronic abdominal pain syndrome, but stated it did not satisfy the requirements of any other closely analogous listed impairment.  (Tr. 329.)  Because that determination is not supported by substantial evidence, remand is required.

When an alleged impairment is included in the listings, the ALJ must make a determination as to medical equivalence.  **See** 20 C.F.R. § 404.1526(a) (impairment is equivalent to listed impairment "if the medical findings are at least equal in severity" to the medical criteria for "the listed impairment most like [the claimant's] impairment").  ***See also Sullivan v. Zebley***, 493 U.S. 521, 531, 110 S.Ct. 885, 891, 107 L.Ed.2d 967

---

[3] The listings set forth medical criteria pursuant to which impairments of various bodily systems will be considered presumptively disabling.  20 C.F.R. § 404.1520(d).  ***See Sullivan v. Zebley***, 493 U.S. 521, 532, 534-35, 110 S.Ct. 885, 893, 107 L.Ed.2d 967 (1990).

(1990).  "While the ALJ is responsible for deciding the ultimate legal question of whether a listing is met or equaled, the ALJ must receive state agency doctors' judgments on the issue of medical equivalence into the record as expert opinion evidence." ***Carbajal v. Astrue***, 2011 WL 2600984 at *2 (D. Colo. June 29, 2011) (citation and internal quotation marks omitted).  *See also* **Social Security Ruling** 96-6p, 1996 WL 374180 at *3 (SSA July 2, 1996).  The requirement that medical equivalence be established by the opinion of a medical expert is satisfied, *inter alia*, by the signature of a State agency medical or psychological consultant on at least one of the forms typically used by the Commissioner to assess disability at the initial stages of the administrative process. *See* **Social Security Ruling** 96-6p, 1996 WL 374180 at *3.  Because there is no such opinion in the administrative record in this case, the ALJ's opinion as to equivalence cannot withstand scrutiny.

The Commissioner argues this error was harmless because plaintiff fails to raise a colorable dispute as to whether the record warrants a finding of equivalence.  I cannot agree.  For one thing, it appears to misstate the nature of the relative burdens as between the parties.  "Although the Commissioner is correct that the burden is on plaintiff to demonstrate her impairment meets or equals a listing at step three, [Social Security Ruling] 96-6p requires the ALJ to develop the record by receiving a medical opinion on the issue." ***Carbajal***, 2011 WL 2600984 at *3.[4]  *See also* **Social Security Ruling** 96-6p, 1996 WL 374180 at *3 (SSA July 2, 1996) ("[L]ongstanding policy

---

[4] The Commissioner also argues the error is harmless because the opinion of the consultative examiner otherwise supports the ALJ's disability determination.  *See Carbajal*, 2011 WL 2600985 at *3. I address whether this opinion was entitled to the weight afforded it below.

*requires* that the judgment of a physician (or psychologist) *designated by the Commissioner* on the issue of equivalence on the evidence before the administrative law judge or the Appeals Council must be received into the record as expert opinion evidence and given appropriate weight.") (emphases added).

Moreover, the error in failing to obtain such an opinion in this case is compounded by the fact that the ALJ's reasoning on equivalence is wholly opaque, and nothing in his analysis at step four of the sequential evaluation provides further illumination. It therefore is not possible for the court – with no more medical expertise than either plaintiff or the ALJ – to determine whether the same result would have been reached had the ALJ obtained the required opinion. There certainly may be cases in which the medical evidence in support of a claimant's alleged impairments is so scant or tenuous, or the ALJ's discussion (either at step three or elsewhere in this disability decision) so thorough, that the failure to obtain a medical opinion as to equivalence might indeed to considered harmless. **See Fischer-Ross v. Barnhart**, 431 F.3d 729, 733-34 (10th Cir. 2005) (harmless error analysis appropriate "where, based on material the ALJ did at least consider (just not properly), we could confidently say that no reasonable administrative factfinder, following the correct analysis, could have resolved the factual matter in any other way") (citation and internal quotation marks omitted). This is not such a case. Remand therefore is required.

When the court has found an issue dispositive on the question of remand, it generally will not consider other issues that may be impacted by a subsequent administrative decision. **See Watkins v. Barnhart**, 350 F.3d 1297, 1299 (10th Cir.

2003). Here, by contrast, a properly substantiated finding of non-equivalence would implicate plaintiff's remaining arguments concerning error at subsequent steps of the sequential evaluation. Because some of these allegations of error also are meritorious, the court finds it both efficient and proper to address them now.

The court finds no reversible error in the ALJ's well-supported conclusion at step two of the sequential evaluation that plaintiff's anxiety did not constitute a severe mental impairment, especially where the ALJ found other impairments to be severe and proceeded to subsequent steps of the sequential evaluation.[5] **See Dray v. Astrue**, 353 Fed. Appx. 147, 149 (10th Cir. Nov. 17, 2009); **Ghini v. Colvin**, 82 F.Supp.3d 1224, 1231 (D. Colo. 2015). Nor would the court be troubled by the ALJ's apparent failure to consider the impact of this non-severe impairment in combination with plaintiff's acknowledged severe impairments in assessing his residual functional capacity at step four, **Social Security Ruling** 96-8p, 1996 WL 374184 at *5 (July 2, 1996); **Langley v. Banhart**, 373 F.3d 1116, 1123-24 (10th Cir. 2004), if he had he made any effort to develop the testimony of the vocational expert as to the mental demands of plaintiff's past relevant work. As it was, however, the entirety of the ALJ's questioning of the vocational expert was limited to having her recite the *Dictionary of Occupational Titles*

---

[5] The ALJ's concomitant conclusion that plaintiff's alleged cognitive impairment did not constitute a medically determinable impairment at all also is supported by substantial evidence. (Tr. 327.) No doctor has ever diagnosed plaintiff with a cognitive disorder, and reports of his visits for psychiatric care reveal he had intact short- and long-term memory, logical and linear thought process, appropriate attention span and concentration, and good insight, judgment, and fund of knowledge. (Tr. 1209-1210, 1233.) Plaintiff's own complaints of cognitive symptoms are insufficient to establish a medically determinable impairment. 20 C.F.R. § 404.1508. Moreover, because this condition properly was found not to constitute a medically determinable impairment, the ALJ was precluded from considering its effect in combination with any other impairment, severe or non-severe, at step four. **Social Security Ruling** 96-8p, 1996 WL 374184 at *2 (SSA July 2, 1996); **Gibbons v. Barnhart**, 85 Fed. Appx. 88, 91 (10th Cir. Dec. 18, 2003).

classification of plaintiff's job. (Tr. 363.) Given that plaintiff's past relevant work was skilled,[6] the ALJ should have made some effort to develop the record as to the mental demands of that work and their compatibility *vel non* with plaintiff's non-severe (but not nonexistent) mental impairment. The ALJ's consideration and resolution of those issues should be made manifest on remand.

Plaintiff also challenges the ALJ's treatment of the opinions of his primary care physician, Dr. Sarah Chess. In September 2011 (Tr. 833-823) and again in February 2012 (Tr. 472-473), Dr. Chess completed paperwork on behalf of plaintiff in which she noted he suffered from idiopathic abdominal wall pain of unknown etiology which rendered his functionality "very limited," leaving him unable to "walk, bend, [or] drive without significant pain" (Tr. 473). The ALJ afforded minimal weight to these opinions, however, characterizing them as "vague" and noting they were not linked to any supporting objective medical evidence and appeared to be based largely on plaintiff's own subjective complaints. (Tr. 333.)[7]

---

[6] As noted by the vocational expert at the hearing, plaintiff's past relevant work had an Specific Vocational Preparation ("SVP") of 7. *See Dikeman v. Halter*, 245 F.3d 1182, 1186 (10th Cir. 2001) ("SVP is defined as 'the amount of lapsed time required by a typical worker to learn the techniques, acquire the information, and develop the facility needed for average performance in a specific job-worker situation.'") (citation omitted). Under the Commissioner's regulations, "[s]killed work corresponds to an SVP of 5-9 in the DOT." **Social Security Ruling** 00-4p, 2000 WL 1898704 at * 3 (SSA Dec. 4, 2000). *See also* **Dictionary of Occupational Titles**, *Components of the Definition Trainer*, App. C, § II (SVP of 7 describes a job that requires over two years and up to and including four years to learn) (available at http://www.occupationalinfo.org/ appendxc_1.html#II) (last accessed January 30, 2017).

[7] After the hearing, plaintiff sought a more detailed opinion from Dr. Chess in an attempt to address the ALJ's conclusion that her earlier opinions were too vague. (*See* Tr. 287-289.) The Appeals Council refused to consider this evidence, finding that it applied only to the period of time after the date of the ALJ's decision. (Tr. 2.) *See* 20 C.F.R. § 404.970(a)(5); *Threet v. Barnhart*, 353 F.3d 1185, 1191 (10th Cir. 2003). Although the opinion was signed after the date of the ALJ's decision, Dr. Chess clearly stated therein that plaintiff's "first date of disability was 9/29/11" (Tr. 287), plainly suggesting that her opinion also covered the period of time considered in the disability decision. Because the Appeals Council did not suggest this evidence was not considered because plaintiff failed to show good cause for not including it in the record previously or, alternatively, because there was not a reasonable probability

The opinion of a treating source is generally entitled to controlling weight so long as it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the case record." 20 C.F.R. § 404.1527(d)(2); *see also Watkins v. Barnhart*, 350 F.3d 1297, 1300 (10th Cir. 2003). Good cause may be found where the treating source's opinion is brief, conclusory, or unsupported by medical evidence. **Frey v. Bowen**, 816 F.2d 508, 513 (10th Cir. 1987). Even if a treating source opinion is not given controlling weight, it is still entitled to deference "and must be weighed using all of the factors provided in 20 C.F.R. 404.1527 and 416.927." **Social Security Ruling** 96-2p, 1996 WL 374188 at *4 (SSA July 2, 1996). *See also Langley*, 373 F.3d at 1119.[8] In all events, a treating source opinion may not be rejected absent good cause for specific, legitimate reasons clearly articulated in the hearing decision. **Watkins**, 350 F.3d at 1301; **Goatcher v. United States Department of Health & Human Services**, 52 F.3d 288, 290 (10th Cir. 1995); **Frey**, 816 F.2d at 513.

Plaintiff first argues that if the ALJ indeed found Dr. Chess's opinion vague or unsupported, he had a duty to recontact her for further clarification. *See* 20 C.F.R. § 404.1520b(c)(1). The duty to recontact arises when the evidence the ALJ receives from the treating physician is inadequate to allow him to determine whether the claimant is disabled, not simply because he rejects that opinion. **White v. Barnhart**, 287 F.3d 903,

---

that it would have changed the outcome of the ALJ's decision, *see* 20 C.F.R. § 404.970(a)(5), its determination was in error.

[8] These factors include: the physician's length of treatment of the claimant; the physician's frequency of examination; the nature and extent of the treatment relationship; the support of the physician's opinion afforded by the medical evidence of record; the consistency of the opinion with the record as a whole; and the specialization of the treating physician. 20 C.F.R. § 404.1527(c)(2).

908 (10th Cir. 2001).  Contrary to the Commissioner's argument, however, the ALJ here did not reject Dr. Chess's opinions because they were unsupported, but rather because she allegedly failed to provide a more "detailed explanation of the objective evidence" supporting them.  (Tr. 333.)  Given that rationale – that the opinion, but necessarily the record, was inadequate – and the extensive record evidence of Dr. Chess's care and treatment of plaintiff during the duration of his impairments, the ALJ should have requested the more detailed opinion he felt he lacked.

Moreover, the observation that Dr. Chess's opinions were based largely on plaintiff's subjective complaints does not constitute a valid reason for rejecting those opinions in the context of this case.  While no clear cause has yet been identified as the source of plaintiff's pain,[9] the Commissioner herself recognizes that pain may outstrip the objective medical evidence in a given case.  **See** 20 C.F.R. § 404.1529; **Social Security Ruling 96-7p**, 1996 WL 374186 at *4-*5 (SSA July 2, 1996).  **See also Musgrave v. Sullivan**, 966 F.2d 1371, 1375-76 (10th Cir. 1992) (citing **Luna v. Bowen**, 834 F.2d 161, 163-64 (10th Cir. 1987)) (setting forth tripartite test for evaluating subjective reports of pain).[10]  Even the most cursory review of Dr. Chess's extensive treatment notes shows plaintiff has complained of intractable pain consistently for years and has engaged in extensive and varied (yet largely unsuccessful) efforts to identify

---

[9] More recently, at least one doctor has suggested that plaintiff's pain might be myofascial (Tr. 1161), and Dr. Chess has suspected a neuropathic cause (Tr. 1193).

[10] Of course, this recognition does not prohibit the ALJ from considering the lack of objective medical findings in assessing plaintiff's credibility.  "Instead, **Luna** stands for the more limited proposition that 'a lack of objective corroboration of the pain's severity cannot justify *disregarding* those allegations.'" **Zagorianakos v. Colvin**, 81 F.Supp.3d 1036, 1044 (D. Colo. 2015) (quoting **Luna**, 834 F.2d at 165) (emphasis in original).  Because the ALJ – despite characterizing plaintiff's subjective complaints as "sincere" (Tr. 330) – in fact does appear to have disregarded those complaints entirely, **Luna** error exists.

and address the source of his pain.

In light of this history, the ALJ's decision to place more weight on the opinion of the consultative examiner, Dr. Marshall Meier, which suggested plaintiff was malingering, seems especially suspect. (*See* Tr. 332, 1031-1032.)[11]  While I cannot find plaintiff was denied due process by the ALJ's alleged failure to fully allow plaintiff to rebut Dr. Meier's observations at the hearing,[12] I do concur with him that the ALJ's assessment of his credibility appears to have been unduly infected by Dr. Meier's alleged observations.  No treating or other examining source has ever opined that plaintiff is malingering or exaggerating his symptoms, and his history of extensive efforts to identify the source of his pain and treat his symptoms might be considered to suggest otherwise.  Thus, although credibility determinations are generally the exclusive province of the ALJ, *see White*, 287 F.3d at 909, that determination should be made only after affording plaintiff an opportunity to present his version of what occurred during his visit to Dr. Meier.

Although remand thus plainly is required, I find this case does not represent an

---

[11]  Dr. Meier claimed that while plaintiff "did appear in significant distress throughout the exam," afterwards he observed plaintiff in the parking lot walking to his car.  According to Dr. Meier, plaintiff's gait "sped up," he "had less difficulty moving his arms," and he walked "a significant distance, approximately 200 yards, with much less distress than he appeared to have in the exam room." (Tr. 1031.)  In a statement to the Appeals Council, plaintiff challenged these statements, averring he had parked no more than 50 yards from the building and had been required to stop several times on his way to the car due to pain.  He further questioned Dr. Meier's ability to recognize him from behind at a distance and with what plaintiff characterized as an obstructed view.  (Tr. 570, 573, 575.)

[12]  Claimants are entitled to procedural due process in social security hearings.  *Yount v. Barnhart*, 416 F.3d 1233, 1235 (10th Cir. 2005).  Nevertheless, even if the ALJ's statements at the hearing could be construed to suggest he found plaintiff's allegations credible and Dr. Meier's opinions not credible, those statements do not constitute a final administrative decision reviewable by this court. 42 U.S.C. § 405(g); 20 C.F.R. § 404.900(a)(5).  *See also Conkle v. Astrue*, 487 Fed. Appx. 461, 462 (10th Cir. Oct. 12, 2012); *Westbrook v. Massanari*, 26 Fed. Appx. 897, 903 (10th Cir. Feb. 8, 2002).

appropriate circumstance for the exercise of my discretion to direct an award benefits. *See Nielson v. Sullivan*, 992 F.2d 1118, 1122 (10th Cir. 1993).[13]

## IV.  ORDERS

**THEREFORE IT IS ORDERED** as follows:

1. That the conclusion of the Commissioner through the Administrative Law Judge that plaintiff was not disabled is reversed;

2. That this case is remanded to the ALJ, who is directed to

    a.  Obtain the opinion of a medical expert on medical equivalence with respect to plaintiff's physical impairments;

    b.  Reconsider her determination at step three of the sequential evaluation;

    c.  Recontact Dr. Chess and any other treating or examining physician for further clarification of her findings, seek the testimony of medical experts, order further consultative examinations, or otherwise further develop the record as he deems necessary, consistent with this opinion;

    d.  Reassess the various medical source opinions of record, citing legitimate reasons specifically tied to the evidence of record for his determinations of the weight to be given to each;

    e.  Reevaluate the determination of plaintiff's residual functional capacity, fully articulating the reasons for his determination in that regard, including his conclusions as to plaintiff's credibility, as well as considering explicitly

---

[13] By this decision, I do not find or imply that plaintiff is or should be found to be disabled.

      the functional impact of all plaintiff's impairments, both severe and non-severe, in combination;

    f.  Further develop the record as to the mental demands of plaintiff's past relevant work;

    g.  Reassess his determination at step four of the sequential evaluation whether plaintiff can perform his past relevant work, proceeding to step five, if necessary; and

    h.  Reassess the disability determination; and

3.  That plaintiff is awarded his costs, to be taxed by the clerk of the court pursuant to Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1 and 28 U.S.C. § 2412(a)(1).

Dated February 1, 2017, at Denver, Colorado.

**BY THE COURT:**

/s/ Bob Blackburn
Robert E. Blackburn
United States District Judge